20-2846 South Dakota Chad Dressen versus United States. Very well Ms. Brost, the court appreciates your willingness to accept the appointment in this case under the Criminal Justice Act and you may proceed. Thank you judge I appreciate that. Good morning may it please the court and counsel my name is Ashley Brost and I represent the appellant Chad Dressen. There is one issue up on Certificate of Appealability in front of this court and that is whether Mr. Dressen received ineffective assistance of counsel after he instructed his underlying criminal attorney Mr. Walter to file an appeal and Mr. Walter failed to do so. This case was decided after an evidentiary hearing in which the district court found the credibility of his attorney Mr. Walter to be more credible than that of Mr. Dressen but we'd ask that this court hold that that was error and reverse and remand allowing Mr. Dressen to file a timely notice of appeal. As this court knows these cases are evaluated under Strickland but when the issue is whether an attorney failed to file a notice of appeal the analysis shifts a little bit in the fact that can show that they did in fact instruct their attorney to file an appeal and the attorney failed to do so. So in this case particularly the crux of the issues and the facts come down to what happened immediately after Mr. Dressen's sentencing hearing. Mr. Dressen was sentenced in May of 2018 and immediately after sentencing both he and his girlfriend who testified at the evidentiary hearing Ms. Hanson said that they went into the back of the courtroom into a hallway and at that point based on the much more increased sentence than Mr. Dressen had originally anticipated he told Mr. Walter we have to file an appeal. After that point they left the courtroom Mr. Dressen was remanded into the custody of the marshals and for all intents and purposes both Mr. Dressen and Ms. Hanson said that they presumed and thought that Mr. Walter did in fact file an appeal on their behalf. It wasn't until months later when Mr. Dressen while in custody was talking to some inmates saying I haven't heard anything about my appeal I wonder what the status is that an inmate actually told him if an appeal had been filed you would have heard about it by now you would have gotten something and so it was at that point several months later he think he testified around 75 days post sentencing that he had his girlfriend start inquiring about whether or not an appeal had been filed. At that point he found no such appeal had been filed. Now the issue really comes down to whether or not the district court found Mr. Dressen's testimony to be more credible than that of Mr. Walter. They didn't in this case but we would submit that the district court got it wrong primarily because Mr. Walter cannot recall the conversation that happened post sentencing in that hallway. If you look at his testimony from the evidentiary hearing he was asked to recount the events of what happened after sentencing and his words were he presumed he would have had a conversation with his client. When asked to explain the recollection of events he said that he assumes that he and Mr. Dressen would have talked into the hall. When asked if he had any independent recollection of the Mr. Walter said I don't have an independent recollection of that. So what happens is the district court is basing their credibility and findings of Mr. Walter all based on assumptions presumptions and frankly an admitted non-recollection of actually what happened. Contrary to that Mr. Dressen has a very specific detailed account of what happened. His girlfriend Ms. Hanson has the same and while not exactly on point in in this case because we are post evidentiary hearing this court in White Harvey United States and admittedly this was not in my brief but 793 F 3rd 920 2015 this court said that when you're looking at two contradictory testimonies with similar specificity regarding whether or not an appeal had been filed counsel's contrary statement simply is insufficient to support a finding that that petitioners allegations cannot be accepted as true. Was that case that you just mentioned decided after hearing or was that on a question whether a hearing was required? That was a question on whether a hearing was required so the the procedural posture is is different admittedly but the but just before you go on to discuss the case would you send us a letter with the case citation if you're wanting us to rely on it since it's not in the briefs and you read the citation very quickly there just send us a letter under rule 28 J please and then you may and I apologize for my my speediness but the principle of the case is it should be applied in this case so we're here we have two conflicting testimonies but if we look at the specificity of them the specificity of Mr. Dressen's far exceeds the specificity of Mr. Walters and for those reasons we find that the court erred in finding that Mr. Dressen's credible testimony was less credible than that of Mr. Walters and if we add that to the phone records that were submitted at the evidentiary hearing it only bolsters the credibility of Mr. Dressen so the majority of the district court's findings in fact all of the district court's findings was a weighing of testimony between Mr. Dressen and Mr. Walter but the district court failed to incorporate the one piece of independent evidence we have and that's these phone records which substantiate both Mr. Dressen and Ms. Hanson's testimony that as soon as they found out that no appeal had been filed they started to try to get in contact with Mr. Walter and Ms. Ross what about the I think that there was testimony about the risk that Mr. Dressen might be taking if you filed a notice of appeal is it expressly in the record that that Mr. Walters believed that the government might not make a rule 35 motion for him if he filed the notice of appeal Mr. Walter did testify to that effect saying that part of the reason that he would have had a conversation with Mr. Dressen about it is because it would potentially jeopardize the rule 35 is that how does that factor it isn't doesn't that seems pretty weighty for a criminal defense attorney to to consider if you're particularly given the reduction he ultimately I understand did receive that that would be a pretty big risk and that might be something that had he been asked to file the notice Mr. Walter might have remembered how do we factor that in you know just the how it goes it goes similarly to how this court should look at whether or not the merits of an appeal would be how you should not look at the merits of an appeal when looking at the 2255 notice of filing and frankly that on this limited collateral review we're not in a position to look at what the outcome would be of a rule 35 or the impact of a rule 35 based on the appeal the issue I would submit is much more narrow than that and strictly was the was Mr. Walter instructed by Mr. Dressen to file an appeal and then did Mr. Walter actually go through with that and we would be in a much more I think of a different case altogether if Mr. Walter had testified that he in no uncertain terms has a clear recollection of what happened in that hallway he has a clear recollection of Mr. Dressen telling him that he wants to appeal or doesn't want to appeal but that's simply not what we have and for those reasons it was error for the district court to look beyond simply Mr. Dressen's testimony of what actually happened and when it compared it to frankly the testimony of somebody who can't recall it and I see that I'm in my rebuttal time so unless the court has any further questions I'd respectfully yield the rest of my time for rebuttal you may yield it and reserve it as well thank you for your argument mr. Kelderman we'll hear from you thank you may it please the court and counsel the district court and the magistrate judge here made no clear error in their factual findings the court had to credit someone they determined both the magistrate judge and the district court determined that they were going to credit mr. Walters testimony and his couldn't recall a conversation from two years earlier that ultimately probably did not happen based on the factual findings and based on the determinations that the courts had to make in this case they were dealing with criminal defense lawyer who'd been practicing since 1989 a very experienced lawyer who personally handles all aspects of his business he said the buck stops with me when a person wants to appeal that is a very significant event to him it's it's something where he marks it on two different calendars it's something where he takes notes he's aware of the deadlines in federal court and he appeals when a client wants to appeal he knows that he has an obligation to do so and he also knows and remembered in this case that it would have been a significant event and it would have been something where he would have had serious conversations with mr. Dressen the fact that he doesn't remember it actually supports the conclusion that the conversation did not occur the the meeting in the hallway that occurred in this case is a little bit like a drive to work on a daily basis a person drives to work and it's uneventful and from day to day you might not remember something that happens until the day when you get rear-ended the car accident in this case as it relates to mr. Dressen and mr. Walter would have been if mr. Dressen had asked to appeal he had nothing almost nothing to gain and a lot to lose if he appealed he had a roof 35 that was on the line he had gotten the lower end of the guidelines range so mr. Walter is aware that any appeal would not be able to be based on an upward departure or variance everything about the sentence if it were in the guidelines range had been waived there didn't appear any to be any jurisdictional issue and none was ever raised and so all of these things show if mr. Dressen had requested an appeal be filed it would have been a shocking event and that's what mr. Walter testified about it's something where it would have been very surprising he would have had the serious conversation counsel argues that the likelihood of success is not something that's to be considered at this point but the likelihood of success is something that goes directly to mr. Walters credibility simply because he would not he would have had those serious conversations because of all the things that mr. Dressen had to lose if an appeal were filed jeopardizing the rule 35 that he ultimately got later I would have been perhaps the largest among them mr. Walter is it common in the district to get the majority of your reduction for cooperation in a rule 35 instead of at the time of sentencing or was this an unusual circumstance no this was a normal circumstance mr. Dressen was sentenced in the Southern Division which is Sioux Falls I practice primarily in the Western Division in Rapid City and I can say that here in this division rule 5k reduction is a rare event because we always need to see if the cooperation is complete I don't quite know about Sioux Falls but I wanted to appeal could have been considered to be a frivolous matter something that he had waived and it could have put a rule 35 in jeopardy I'm not saying that it necessarily would but it supports that mr. Walter it would have been something of an earth-shattering event for him maybe that's exaggerating a little bit but it would have been a big deal and he during the transcript where he was trying to explain this is something that I know is significant it's something that I'm aware of and again the fact that he doesn't have any notes of any such thing is a significant thing that supports his credibility the phone records I submit to the court do not weigh in favor of anyone they support mr. Dressen and ms. Hanson and what they said about how they started to call but all of those phone records showed that the communication that occurred with mr. Walter happened after the appeal deadline had passed a couple of months later in fact and mr. Walter didn't deny that they had contacted him or had communication with him at a later date and so the phone records are just I guess some evidence that calls and conversations were had mr. Walters lack of specificity about the details of the conversation are not surprising because the evidence points to the fact that this request for an was such a routine matter that two years later he couldn't recall even specifically whether he had had it and that's because it was not an unusual or at least the evidence suggests that it was not an unusual event the district court and the magistrate judge had before them opposite mr. Walter then mr. Dressen and ms. Hanson and there were some inconsistencies most notably between what mr. Dressen said about having had a conversation with ms. Hanson about what her testimony or what their testimony in the 2255 hearing would be and ms. Hanson denying that they had had any such conversation mr. Dressen said that he had not talked to mr. Walter about an appeal before the sentencing hearing but ms. Hanson said that she had a third party and admittedly she called herself the conduit between Walter and Dressen and so it's not unlikely that a conversation occurred but a conversation about an appeal of a sentencing that had not yet happened it's unlikely to have occurred again the district court and the magistrate judge had to make a credibility determination and they explained it thoroughly in the opinions that were issued the report and recommendation in the ultimate order dismissing the 2255 before issuing a certificate of appeal ability to this court those findings had to be made and they had to favor one side or the other the courts made those and they supported them and explained them thoroughly in the opinions that were issued the United States asked that the denial of mr. 255 motion be affirmed thank you all right thank you for your argument miss Brass will hear from you in rebuttal thank you your honor taking mr. Kelderman's language and saying that the conversation in the hallway for mr. Walter would have been just like a drive to work where he nothing eventful happened unless he got rear-ended if you know for all intents and purposes mr. Dressen got rear-ended that day he got a sentence that was nearly double of what he anticipated originally what mr. Walter had even estimated that he would get in the beginning and so he would have a very detailed recollection and it makes sense that he does using the government's argument because that was a significant event for mr. Dressen the day that he got sentenced you know the government puts forth that mr. Walter is a very experienced criminal defense attorney that's not disputed but the government's argument is basically relying on a course of dealings as far as mr. Walters practice and in looking at the case law and this circuit other circuits I have never found under these contexts where a course of dealing can outweigh the specificity of another witness's testimony and while the government says that the phone records don't support anybody again I would disagree primarily because what other reason would miss stress or miss Hansen have to be calling mr. Walter nine times in the course of two weeks unless it was a check on an appeal status and I see that my time is up and I thank you for the court for this opportunity to argue in front and I will rest on the briefs very well thank you for your argument thank you to both counsel the case is submitted the court will file a decision